### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAVID E. EVANS, and ) | Case No. 07-20663-JAD |
| MARY ANNE EVANS, ) | |
| ) | Chapter 13 |
| Debtors. ) | |
| _____ X | |
| ) | |
| DAVID E. EVANS, MARY ANNE ) | |
| EVANS, and RONDA J. WINNECOUR, ) | |
| CHAPTER 13 TRUSTEE, ) | |
| ) | Adversary No. 07-02260-JAD |
| ) | |
| Plaintiffs, ) | Document No. 1 |
| ) | |
| vs. ) | |
| ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST CO., AS TRUSTEE FOR THE ) | |
| CERTIFICATE HOLDERS OF ) | |
| GSAMP, ) | |
| ) | |
| Defendant. ) | |
| _____ X | |

Appearances:    Daniel R. White, Esq. for the Plaintiffs/Debtors
Richard J. Bedford, Esq. for the Chapter 13 Trustee
George M. Cheever, Esq. for Deutsche Bank National Trust
Co., As Trustee For The Certificate Holders Of GSAMP

### **MEMORANDUM OPINION**

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052. The Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). This Adversary Proceeding is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(K).

The matter before the Court is an Adversary Proceeding jointly commenced by Ronda J. Winnecour, Chapter 13 Trustee and the Debtors, David and Mary Anne Evans, (collectively "Plaintiffs") against Deutsche Bank National Trust Co., as Trustee for the Certificate Holders of GSAMP (the "Defendant" or "Deutsche Bank"). Pursuant to the Adversary Proceeding, the Plaintiffs contend that Deutsche Bank's mortgage is not enforceable on its face because it was not executed by both of the Plaintiffs, who are husband and wife. Specifically, prior to the petition date, Mr. Evans granted Deutsche Bank a purchase money mortgage on the debtors' marital residence, which is owned by Mr. and Mrs. Evans as tenants by the entireties. The Plaintiffs' contend that Deutsche Bank's mortgage is defective and is void by operation of the Statute of Frauds, given that Mrs. Evans' signature is omitted from the document. For the reasons set forth more fully below, the Court finds that there is a defect in the mortgage instrument which precludes Deutsche Bank from asserting a valid mortgage interest in the property.

**I.**

The facts of this case are generally not in dispute. Mr. and Mrs. Evans own, as tenants by the entirety, a parcel of real property known as 1179 Crucible Road, Rices Landing, Greene County, Pennsylvania which is used as their primary

residence (the "Residence"). (Docket No. 1, ¶ 2).[1] The Residence was acquired on February 2, 2004 by way of conveyance to the Debtors as "Husband and Wife." The deeds reflecting the conveyance were recorded on March 22, 2004, with the Recorder of Deeds for Greene County, Pennsylvania. (Docket No. 11, ¶¶ 2-3; Docket No. 11, Exhibits A & B).

To finance the acquisition of the Residence, the Plaintiffs borrowed a portion of the purchase price from Argent Mortgage Company. (Docket No. 11, ¶ 4). A mortgage was executed by Plaintiff Husband on February 2, 2004 along with a promissory note in the principal amount of $63,000.00. (Docket No. 11, ¶ 4; Docket No. 11, Exhibit C). Mrs. Evans had knowledge of, and consented to her husband's grant of the mortgage to obtain the funds necessary to purchase the Residence. (Docket No. 11, ¶ 5). Despite her knowledge and consent though, Mrs. Evans never signed the mortgage instrument or the promissory note. (Docket No. 11, Exhibit C). She also apparently has never reduced her oral consent to writing, as no such documents have been submitted by the parties.

Two days after the deeds were recorded, on March 24, 2004, the mortgage was recorded in the Office of the Recorder of Deeds of Greene County, Pennsylvania at Record Book Volume 298, pages 1239 through 1258. (Docket No. 11, ¶ 6). The mortgage is indexed with David Evans as the Grantor and Argent Mortgage Company as the Grantee. (Docket No. 11, ¶ 7).

---

[1] The Docket Numbers referenced in this Memorandum Opinion refer to the Docket of Adversary No. 07-02260-JAD.

On February 1, 2007, the Debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code. On February 20, 2007, Deutsche Bank, as the current holder of the mortgage and the promissory note, filed a secured proof of claim in the amount of $70,195.64 with a per diem interest of $15.88. (Case No. 07-20663, Claim No. 2-1; *see also* Docket No. 11, ¶ 10).

This adversary action was commenced on June 18, 2007, by the Plaintiffs filing a complaint to determine secured status. (Docket No. 1; *see also* Docket No. 11, ¶ 11). Pursuant to the complaint the Plaintiffs seek the entry of an order declaring Deutsche Bank's putative interest as being void. Alternatively, the Plaintiffs seek the entry of an order avoiding the putative mortgage pursuant to the trustee's "strong-arm" powers set forth in 11 U.S.C. § 544(a).[2]

---

[2] The Trustee's "strong-arm" powers are found in Section 544(a) of the Bankruptcy Code, which states in pertinent part as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by -
>
>> (1) a creditor that extends credit to the debtor atthe time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists;
>>
>> . . .
>>
>> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists.

11 U.S.C. § 544(a).

**II.**

The main issue presented by this matter is whether Deutsche Bank's mortgage is unenforceable and/or void due to a defect in its mortgage instrument. More specifically, the issue is whether Deutsche Bank's mortgage on the debtors' marital residence owned as tenants by entireties is voidable by the Chapter 13 Trustee when the mortgage is only executed by one spouse. To address this issue the Court is required to look at applicable state law. See Butner v. United States, 440 U.S. 48 (1979).

A.

When a husband and wife own real property jointly, the type of ownership which is created is a tenancy by the entireties. Constitution Bank v. Olson, 620 A.2d 1146, 1150 (Pa.Super. 1993). Tenancy by the entireties is a "unique form of co-ownership grounded in the common law concept that husband and wife were but one legal entity." Howard Sav. Bank v. Cohen, 607 A.2d 1077, 1082 (Pa.Super. 1992) (quoting Clingerman v. Sadowski, 519 A.2d 378, 380 (Pa. 1986) (citing Ladner on Conveyancing in Pennsylvania, § 1.08 (4th ed. 1979))). The distinguishing factor of this form of co-ownership is that the entire property is owned by the husband and wife individually, and not a one-half or divisible portion as in other types of co-ownership relationships. See Frederick v. Southwick, 67 A.2d 802, 805 (Pa.Super. 1949). As such, when property is held by a husband and wife as tenants by the entireties, neither spouse acting independently may appropriate the property to his or her own use, sever the

estate or cause the estate to become encumbered. Fascione v. Fascione, 416 A.2d 1023, 1025 (Pa.Super. 1979) (citations omitted).

Over the years, Pennsylvania courts have recognized some exceptions to this rule. For example, in Schweitzer v. Evans, the Pennsylvania Supreme Court noted that one spouse may lease property owned as tenants by the entireties so long as the proceeds of the lease inure to the benefit of both spouses, and the other spouse either expressly or tacitly consents to the lease. See Schweitzer v. Evans, 63 A.2d 39, 41 (Pa. 1949) (citing O'Malley v. O'Malley, 116 A. 500 (Pa. 1922); Gasner v. Pierce, 134 A. 494 (Pa. 1926)). This limited exception has been recognized at times because there also is a long standing presumption in Pennsylvania that allows either spouse to act on behalf of both spouses, without the consent of the other, so long as the benefit of the action inures to both spouses. In re Carnes, 331 B.R. 229, 232 (Bankr. W.D.Pa. 2005) (citing Aetna Life & Casualty Corp. V. Maravich, 824 F.2d 266, 270 (3d Cir. 1987) citing J.R. Christ Construction Co. V. Olevsky, 232 A.2d 196, 199 (Pa. 1967)).

This so-called "entireties presumption" of agency only holds true, however, if the transaction does not operate to permanently and voluntarily divest entireties property from the marital estate. See Del Borrello v. Lauletta, 317 A.2d 254 (Pa. 1974). In the lease example described above, courts have held that if the contract contained an option to purchase which would sever the estate if exercised, such a provision is invalid. See Id.

Deutsche Bank, however, argues that the entireties presumption should

apply in this case because it is an undisputed fact that Mrs. Evans consented to her husband granting a mortgage on their marital residence; and it is also undisputed that the benefit of the mortgage inured to both Mr. and Mrs Evans because it enabled each spouse to purchase their home.

In support of its argument, Deutsche Bank points out that the entireties presumption has been held applicable to contracts for the improvement of real property.  See J.R. Christ Construction Company v. Olevaski, 232 A.2d 196 (Pa. 1967); Bradney v. Sakelson, 473 A.2d 189 (Pa.Super. 1984); Guistra Development Co., Inc. v. Lee, 631 A.2d 199 (Pa.Super. 1993).  Deutsche Bank contends that because this presumption has been applied to contracts for improvement of real estate, it should also apply to the granting of mortgages.  The basis of this contention is that just as mortgages can cause a foreclosure to occur when there has been a default in payment, a contract for the improvement of real property carries with it a possibility of foreclosure by a proceeding brought on a mechanic's lien. (Docket No. 17, p. 6).

The analogy cited by Deutsche Bank is not persuasive.  While it is true that contracts for real estate improvements have been enforced in the limited circumstances cited by Deutsche Bank, the fact remains that those contracts were enforced from the perspective as to whether an *in personam* debt would be recognized by the Courts.  The fact that those *in personam* debts could give rise to an *in rem* statutory lien is demonstrably different from whether an exception to the Statute of Frauds can be inferred in instances where the transaction *sub*

*judice* is the very conveyance at issue.

It is this Court's view that mechanic's liens are different from mortgages, and this distinction warrants fidelity to the Statute of Frauds. The Court reaches this conclusion because mechanic's liens are statutory liens, and are not voluntary conveyances. Mechanic's liens simply do not fall within the ambit of the Statute of Frauds which prohibits <u>voluntary</u> conveyances that are not in writing signed by the person against whom the conveyance is to be enforced. See 33 P.S. § 1.[3]

The Court's conclusion above is consistent with the purpose of the Statute of Frauds, which is to avoid fraudulent transactions and to protect innocent owners of property. In the real estate improvement context, the contract which later gives rise to the mechanic's lien has been presumed by the Courts to have been accepted by affirmation by the non-signing party because "the non-contracting spouse must have had knowledge not only that work was being done on the property, but also that a contract had been made by someone acting as if he was the [sole] owner." <u>Guistra Development Co., Inc. v. Lee</u> 631 A.2d 199, 203

---

[3] The Statute of Frauds states in relevant part that

> . . . no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the parties so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law.

33 P.S. § 1.

(Pa.Super. 1993) (citing Gingrich v. Dissinger, 134 A.2d 362 (Pa.Super. 1957)). At a more basic level, when real property is being physically improved such that it may give rise to a mechanic's lien, the spouse who was not a party to the contract would be able to see, hear, and touch the project which is affecting the ownership interest. In these circumstances, the non-signing spouse is in a position to protect his or her interests if such person objects. With a mortgage, however, the non-party spouse may in some instances never know that a mortgage has been granted on the property. In this regard, mortgage transactions could conceivably be subject to abuse in the absence of a Statute of Frauds. It is this Court's view that the fact that a mortgage can be granted on entireties property in complete secrecy to the detriment of the non-granting spouse's interest in the property precludes the "entireties presumption" from being used in a carte blanche manner as suggested by Deutsche Bank.

What is clear to this Court is that if there is a conveyance of real property, whether by way of mortgage or by deed, the parties conveying title must sign a writing indicating their intent to transfer such interest. This is what is required by the Statute of Frauds.

B.

The mortgage instrument in this case is defective on its face because Mrs. Evans never signed away her interest in the marital residence. However, the Court is faced with the additional fact that Mrs. Evans orally consented to her husband signing the mortgage, and must address whether there are any

ramifications of this consent.

The Court acknowledges that there is at least one Pennsylvania case which suggests that the acknowledgment of consent by Mrs. Evans would be sufficient to keep the mortgage valid. See Zlotziver v. Zlotziver, 49 A.2d 779 (Pa. 1946). The Pennsylvania Supreme Court stated in that case that

> [t]he statute of frauds . . . does not absolutely invalidate an oral contract relating to land but is intended merely to guard against perjury on the part of one claiming under the alleged agreement. Accordingly, if the title holder admits, either in his pleadings or his testimony, that he did in fact enter into the contract, the purpose of the statute of frauds is served and the oral agreement will be enforced by the court.

Id., at 781 (citations omitted). This reasoning appears to make logical sense. The Statute of Frauds is supposed to be a protection against fraud, and it would be illogical to allow for it to be used as a sword to perpetuate one.

Subsequent case law by the Pennsylvania Supreme Court, however, seems to suggest that the holding in Zlotziver may no longer be applicable. Three years after issuing its opinion in Zlotziver, the Pennsylvania Supreme Court decided a pair of cases which appear to require a more strict application of the Statute of Frauds. See Schweitzer v. Evans, 63 A.2d 39 (Pa. 1949) and Peterson v. Chandler, 66 A.2d 284 (Pa. 1949).

The Schweitzer decision dealt with a purported lease of property held by a husband and his estranged wife as tenants by the entireties. Prior to the wife's death, she purportedly leased the premises to one of the couple's daughters for a

term of 25 years, but the estranged husband was not a party to the transaction and he did not wish to share in the benefits (or perhaps burdens) derived from the lease. There were conflicting accounts about whether the estranged husband previously gave his consent for the wife to enter into the lease with the couple's daughter. When the daughter sought to enforce the lease citing to the alleged consent of the husband, the court in Schweitzer stated that the plaintiff's oral consent argument was unavailable to her because of the Statute of Frauds. Schweitzer v. Evans, 63 A.2d at 41. This holding suggests that even if there had been consent, the transaction would nonetheless be invalid. The Pennsylvania Supreme Court's decision in Schweitzer appears to suggest that knowledge and verbal consent is not an exception to the Statute of Fraud's requirement of a written instrument signed by the parties.

In the Peterson case, decided a few months after Schweitzer, the husband and wife owned real estate as tenants by entirety. The husband entered into an agreement for the sale of the real estate to which the wife was not a party. There was a subsequent default with the sales agreement, and both husband and wife were sued for specific performance. The wife, in the Answer to the Bill in Equity, admitted that there was an agreement entered into by the parties. The Court, however, determined that the wife's admission was not enough to divest her interest in the property. Peterson v. Chandler, 66 A.2d at 284-5. In reaching its decision, the Petersen Court held that even if the wife had expressly consented to the husband entering into the agreement, "she would not be precluded [from now

stopping the sale] unless the authority was given in writing because of the provisions of the Statute of Frauds." Id., at 285 (citing Schweitzer v. Evans, 63 A.2d 39 (Pa. 1949)). This decision in Peterson, like the decision in Schweitzer, appears to be at odds with the statement in Zlotziver that the Statute of Frauds will be satisfied if the non-party spouse admits in pleadings that the oral contract existed.

The Pennsylvania Supreme Court further chipped away at the holding in Zlotziver over two decades later when they decided the case of Del Borrello v. Lauletta, 317 A.2d 254 (Pa. 1974). The court in Del Borrello was faced with a situation in which the husband executed a lease containing an option to purchase on property held by husband and wife as tenants by the entireties. The wife consented to the lease, but was unaware of the option to purchase because she neither read nor signed the lease. After the husband's death, she continued to accept rental payments for a period of eighteen months. But when the party sought to enforce the option to purchase, the Pennsylvania Supreme Court held that the option is unenforceable because it violated the Statute of Frauds. In reaching its conclusion that the option to purchase was unenforceable, the Pennsylvania Supreme Court in Del Borello expressly and unequivocally stated that "the principles of estoppel may not be invoked against operation of the Statutes of Frauds." Id., at 255 (citing Polka v. May, 118 A.2d 154 (Pa. 1955); Peterson v. Chandler, 66 A.2d 284 (Pa. 1949); Mott v. Kaldes, 135 A. 764 (Pa. 1927)).

What these three cases (Schweitzer, Peterson, and Del Borello) have shown is a preference by the Pennsylvania Supreme Court for strict compliance with the Statute of Frauds when it comes to real estate transactions. From a practical standpoint, these decisions of the Pennsylvania Supreme Court make sense. Limiting exceptions to the Statute of Frauds makes it simpler for a bona fide purchaser to determine if there is clear title because any defect in title will be evident based upon what is recorded in the chain of title and not what was verbally discussed outside of it.

In addition, as it relates to mortgages, a lender is in a far better position than the average lay person to make sure that all applicable writing requirements for mortgages are followed. As a sophisticated entity which routinely enters into mortgage backed transactions, your average commercial bank should be fully aware of the Statute of Frauds' writing requirements and can decline to enter into a loan transaction if the proposed collateral package is wanting or defective.

C.

Finally, Deutsche Bank also contends that because the Trustee is a stranger to the mortgage, she cannot use the Statute of Frauds to avoid the agreement. The Court finds this argument to be without merit because it specifically ignores the Trustee's "strong arm" powers under 11 U.S.C. § 544(a).

Pennsylvania case law suggests that absent both spouse's signatures on an instrument conveying an interest in real property held as tenants by the entireties, such instrument is void and unenforceable. See Schweitzer v. Evans, 360 Pa. 552

(Pa. 1949); Peterson v. Chandler, 362 Pa. 102 (Pa. 1949); Del Borrello v. Lauletta, 455 Pa. 350 (Pa 1974). A void lien is in essence a legal nullity, and any judicial lien creditor and/or bona fide purchaser would not be bound by an interest which is void.

This Court is not the first court in this District to come to this result. In both In re Carnes, 331 B.R. 229 (Bankr. W.D.Pa. 2005)(Bentz, J.) and In re Kostelnik, 362 B.R. 215 (Bankr. W.D.Pa. 2007)(McCullough, J.), the courts held that where one debtor spouse was not a party to a mortgage on property held as tenants by the entireties, the entire mortgage was invalid.[4] Likewise, in an as yet unpublished opinion, the Honorable Kim R. Gibson, United States District Judge for the Western District of Pennsylvania came to the same conclusion that the Trustee could exercise her "strong arm" powers under 11 U.S.C. § 544 to avoid an invalid encumbrance. See In re Johnston, Civil Action No. 3:2005-453 (Slip. Op. W.D.Pa. January 29, 2007), reversing 333 B.R. 724 (Bankr. W.D. Pa. 2005).

**IV.**

For the foregoing reasons, the Court concurs with the results of the decisions of the Bankruptcy Courts in In re Carnes, supra. and In re Kostelnik, supra. This Court also concurs with the results of the decision by the District Court in In re Johnston, supra. The Court will enter an order contemporaneously with this Memorandum Opinion which declares the lien interest and claim held

---

[4] Specifically, the Court in In re Carnes held that the defective mortgage would not survive an 11 U.S.C. § 544(a)(3) avoidance action; and the Court in In re Kostelnik held that the defective mortgage would not survive an 11 U.S.C. § 363(h) sale.

strict

by Deutsche Bank to be wholly unsecured.



Dated: November 20, 2008            /s/ Jeffery A. Deller_____
                                                  **Jeffery A. Deller**
                                                  United States Bankruptcy Judge,
                                                  Western District of Pennsylvania


cc:     Daniel R. White, Esquire, for the Debtors
        Richard J. Bedford, Esquire, for the Chapter 13 Trustee
        George M. Cheever, Esquire, for Deutsche Bank National Trust Co., as Trustee for the Certificate Holders of GSAMP

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID E. EVANS, and | ) | Case No. 07-20663-JAD |
| MARY ANNE EVANS, | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |
| _____ | X | |
| | ) | |
| DAVID E. EVANS, MARY ANNE | ) | |
| EVANS, and RONDA J. WINNECOUR, | ) | |
| CHAPTER 13 TRUSTEE, | ) | Adversary No. 07-02260-JAD |
| | ) | |
| Movants, | ) | Document No. 1 |
| | ) | |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST CO., AS TRUSTEE FOR THE | ) | |
| CERTIFICATE HOLDERS OF | ) | |
| GSAMP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | X | |

**ORDER**

**AND NOW** this 20th day of **November**, **2008**, upon consideration of the **Complaint To Determine Secured Status** filed by **David E. Evans and Mary Anne Evans, and Ronda J. Winnecour, Chapter 13 Trustee** at **Adversary No. 07-02260JAD**, the Court **HEREBY ORDERS ADJUDGES AND DECREES** that:

1. The lien interest and claim held by Deutsche Bank at Claim No. 2-1 is deemed to be wholly unsecured, and shall be paid their pro rata share of the monies, if any, which are to be paid to all general unsecured creditors in this bankruptcy case.

00002709.WPD

2. Within 30 days from the date of this Order, Debtors shall file an Amended Chapter 13 Plan and Notice of Proposed Modification adjusting the plan to account for any increase of funds available to unsecured creditors as a result of this decision.

Dated: November 20, 2008 /s/ Jeffery A. Deller
**Jeffery A. Deller**
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL COPY TO:**

Daniel R. White, Esq. for the Plaintiffs/Debtors
Richard J. Bedford, Esq. for the Chapter 13 Trustee
George M. Cheever, Esq. for Deutsche Bank National Trust Co., As Trustee
For The Certificate Holders Of GSAMP
Office of U.S. Trustee

00002709.WPD